**SO ORDERED.**

**SIGNED April 04, 2008.**



_____
ROBERT SUMMERHAYS
UNITED STATES BANKRUPTCY JUDGE

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
Lafayette Division

IN RE:

TRI VANTAGE COMPANIES, L.L.C           CASE NO: 08-50436

    DEBTOR                               CHAPTER 11
*************************************************************************
FINDINGS OF FACT AND/OR CONCLUSIONS OF LAW IN SUPPORT OF INTERIM FINANCING ORDER AUTHORIZING (1) THE DEBTOR TO OBTAIN DEBTOR IN POSSESSION FINANCING, (2) THE DEBTOR TO GRANT A POST-PETITION SECURITY INTEREST PURSUANT TO SECTION 364(C) OF THE BANKRUPTCY CODE, AND (3) SETTING OF FINAL HEARING

THIS MATTER came on for preliminary hearing on April 2, 2008 at 1:30 p.m. (the *"Interim Hearing"*). Tri Vantage Companies, L.L.C. (the *"Debtor"*), as debtor and debtor-in-possession in the above-captioned Chapter 11 case (the *"Chapter 11 Case"*), which filed voluntary petition for reorganization pursuant to Chapter 11 of Title 11, United States Code (the *"Bankruptcy Code"*), on March 28, 2008, has applied to this Court through the *Emergency Motion For Authorization To Obtain Debtor-In-Possession Financing And To Enter Into Factoring And Security Agreement* [P-18] (the *"Motion"*) for authorization (1) pursuant to Bankruptcy Code § 364(c) in the capacity of borrower to obtain debtor-in-possession financing

from the DIP Lender (as hereinafter defined) pursuant to the terms and conditions of (a) the pre-petition Factoring and Security Agreement dated October 25, 2005 by and between the Debtor and BrooksGreenblatt, L.L.C. (in such capacity, the *"DIP Lender"*), and (b) the Order (as hereafter defined) (collectively, the pre-petition Factoring and Security Agreement and the Order are hereafter referred to as the *"DIP Credit Facility"*); (2) to use the borrowings authorized at the Interim Hearing to provide working capital and for other general corporate purposes of the Debtor; and (3) to obtain a setting for a final hearing on the Motion (the *"Final Hearing"*).

Upon the record of the Chapter 11 Case and the record of the Interim Hearing, good and sufficient cause appearing therefor, and it appearing to be in the best interests of, and to prevent irreparable injury to, the Debtor's estate and creditors, the Court has granted the Motion by separate Order (the "*Order*"), and in support thereof does hereby make the following findings of fact and/or conclusions of law;

ACCORDINGLY THE COURT HEREBY FINDS AND DETERMINES THAT:

(a) the DIP Lender is willing to advance monies to the Debtor only upon the conditions contained in the Order;

(b) the Debtor is unable to obtain sufficient levels of unsecured credit allowable under Bankruptcy Code § 503(b)(1) as an administrative expense necessary to maintain and conduct its business;

(c) the Debtor is unable to obtain secured credit allowable only under Bankruptcy Code §§ 364 (c)(2), except under the terms and conditions provided in the Order;

(d) the credit and financial accommodations to be extended under the DIP Credit Facility are being extended by the DIP Lender in good faith, and the DIP Lender is entitled to the protection of Bankruptcy Code § 364(e);

(e)     the Debtor exercised reasonable diligence in obtaining the terms of the DIP Credit Facility, and the terms thereof are the best available to the Debtor under current circumstances;

(f)     the terms of the DIP Credit Facility are fair and reasonable;

(g)     it is in the best interest of the Debtor's estate that it be allowed to finance its operations under the terms and conditions set forth herein, as such financing is necessary to prevent a disruption of their businesses and to permit the Debtor to attempt to achieve a successful reorganization;

(h)     the receivables sold by the Debtor to the DIP Lender pre-petition are the subject of true sales, and that the Debtor has no right, title, or interest in those receivables;

(i)     any receivable sold by the Debtor to the DIP Lender pursuant to the DIP Credit Facility ceases to be property of the Debtor's estate upon consummation of the sale, and is transferred to the DIP Lender free and clear of any claims asserted against the receivable or the Debtor by the Debtor's other creditors or other third parties;

(j)     notice of the relief sought by the Motion, and the Interim Hearing with respect thereto which has been held pursuant to Bankruptcy Rule 4001(c) and Bankruptcy Code § 102(1), as required by Bankruptcy Code §§ 364(c), has been given to the parties listed on the certificate of service made part of the Motion and service made thereon in the form and manner set forth therein; and such notice and service was reasonable and sufficient under the circumstances;

(k)     subject to the Final Hearing, the DIP Lender does not control the operations of the Debtor; and

(l)     good and sufficient cause exists for the issuance of the Order, to prevent irreparable harm to the Debtor's estate.

####

Submitted By:
Patrick S. Garrity
STEFFES, VINGIELLO & MCKENZIE, LLC
13702 Coursey Boulevard
Building 3
Baton Rouge, LA 70817
Telephone: 225.751.1751
Fax: 225.751.1998
Email: *pgarrity@steffeslaw.com*

# iRedline Report (4/1/2008 4:48 PM)

## Source Files:

**Revised document:** #1353381v2<kmbriman> - v2 -Interim FOF re: Factoring AGreement 4/1/08
**Previous document:** #1353381v1<kmbriman> - Interim FOF re: Factoring AGreement 4/1/08

## Scheme Source:

**(Personal) (Brenda) Scheme**

## Statistics:

| | |
|---|---|
| Deletions: | 4 |
| Insertions: | 3 |
| Total Changes: | 7 |

| | **Revised document:** #1353381v2<kmbriman> - v2 -Interim FOF re: Factoring AGreement 4/1/08 | **Previous document:** #1353381v1<kmbriman> - Interim FOF re: Factoring AGreement 4/1/08 |
|---|---|---|
| Pages: | 4 | 3 |
| Paragraphs: | 34 | 32 |
| Words: | 792 | 702 |
| Characters: | 4,198 | 3,776 |
| Characters (with spaces): | 4,995 | 4,484 |
| Lines: | 80 | 74 |
| Sections: | 2 | 2 |
| File Size: | 40,448 bytes | 39,936 bytes |
| Date Created: | 4/1/2008 | 4/1/2008 |
| Date Last Accessed: | 4/1/2008 | 4/1/2008 |
| Date Last Modified: | 4/1/2008 | 4/1/2008 |

Findings of Fact re Interim DIP Finanancing Order - revised.DOC iRedline Doc.